IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> 17 ASSORTED FIREARMS AND 720 ROUNDS OF AMMUNITION, MORE PARTICULARLY DESCRIBED IN ATTACHMENT A, <br><br> DEFENDANTS. | Civil Action No. |

## **VERIFIED COMPLAINT FOR FORFEITURE**

COMES NOW plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Norman L. Barnett, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against 17 firearms and 720 rounds of ammunition, more particularly described in Attachment A (hereinafter, DEFENDANT PROPERTY), seized from Demetrius Bowser by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") following Bowser's purchase of DEFENDANT PROPERTY on December 7, 2022.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1345 and 1355.

3. This Court has *in rem* jurisdiction over the DEFENDANT PROPERTY pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

5. The DEFENDANT PROPERTY is presently in the custody of ATF in a secure location in this district.

## BASIS FOR FORFEITURE

### Relevant Statutes

6. The DEFENDANT PROPERTY is subject to forfeiture pursuant to 18 U.S.C. § 924(d) on the grounds that it was involved in or used in the commission of a violation of 18 U.S.C. § 922(a)(1)(A) (firearms dealing without a license) and 18 U.S.C. § 922(a)(6) (false statements to a federal firearms licensee).

## Factual Background

*ATF begins its investigation*

7.  On or about December 7, 2022, an employee with Arrowhead Pawn Shop ("APS"), a federal firearms licensee in Jonesboro, Georgia, told ATF that a man, later identified as Bowser, wanted to purchase approximately 17 firearms.

8.  According to the APS employee, Bowser previously purchased approximately 39 firearms from APS.

9.  ATF's investigation revealed that Bowser purchased several firearms from APS from 2012 through December 2022.

10. Bowser purchased 12 firearms from APS using cash on May 18, 2021.

11. A few weeks, later he purchased two firearms from APS using a debit card on June 22, 2021.

12. ATF also determined that seven firearms purchased by Bowser between 2013 and 2018 were recovered and traced by law enforcement agencies, including one firearm recovered outside of the United States.

*Bowser purchases DEFENDANT PROPERTY*

13. Based on ATF's investigation and the information from APS regarding Bowser, ATF began surveillance at APS on December 7, 2022.

14. ATF arrived at APS and identified a black BMW 650i coupe (hereinafter, "black BMW") parked in the APS parking lot.

15. According to a law enforcement database, the black BMW was registered to Bowser.

16. At approximately 4:22 p.m., an APS employee told ATF that Bowser purchased 17 firearms and that he was paying for them with cash.

17. The ammunition and 17 firearms purchased by Bowser were later identified as DEFENDANT PROPERTY.

18. ATF's investigation further revealed that, at the time of the purchase of DEFENDANT PROPERTY, Bowser completed an ATF Form 4473, wherein he represented that he was the actual transferee and buyer of the DEFENDANT PROPERTY.

19. ATF Form 4473 is the official firearms transaction record for intrastate, over-the-counter sales, or disposition of firearms, which must be maintained by federally licensed firearms dealers.

20. At approximately 4:52 p.m. ATF observed Bowser exit APS with two employees who were pushing a cart containing cardboard boxes and unboxed firearms.

21. ATF then observed Bowser load the cardboard boxes and unboxed firearms into the backseat and passenger seat of the black BMW.

*ATF detains Bowser after he purchases DEFENDANT PROPERTY*

22. Bowser gets into the black BMW, leaves APS, and drives to 7150 Sir Mark Ct, Jonesboro, Georgia 30236.

23. 7150 Sir Mark Ct, Jonesboro, Georgia 30236 is the address listed on Bowser's driver's license.

24. It takes Bowser approximately five minutes to drive from APS to 7150 Sir Mark Ct.

25. When Bowser arrives at 7150 Sir Mark Ct, ATF observes him meet another man who is later identified as Carlo Brownlee.

26. Brownlee is Bowser's brother.

27. During the course of its investigation, ATF determined that Brownlee is a felon and was previously convicted of carjacking, use of a firearm during a federal felony, and armed robbery.

28. ATF observed Bowser take firearms from the black BMW and place them in the back of a silver Ford Expedition (hereinafter, "silver Expedition").

29. At approximately 5:00 p.m., Clayton County Police Department (CCPD) units activated their emergency equipment and detained Bowser and Brownlee.

*ATF interviews Brownlee*

30. Brownlee agreed to speak with ATF agents after being Mirandized.

31. Brownlee told ATF that he lived at 7150 Sir Mark Ct, Jonesboro, Georgia with Bowser, their mother, and his niece.

32. According to Brownlee, he had just gotten off work and was letting his niece in the house from the school bus as his brother arrived at the residence.

33. Agents asked Brownlee about the firearms and any plans for them.

34. Brownlee denied dealing with firearms because he is a convicted felon and served 15 years in prison.

35. Agents then told Brownlee that a CCPD officer overheard Brownlee tell Bowser to put the guns in the Expedition.

36. In response, Brownlee said that Bowser said he got their mom a gun as a present for Christmas and did not want her to see it.

37. According to Brownlee, he told Bowser to put the gun in the Expedition to hide it from their mother.

38.  Brownlee then said he was not aware of the other firearms Bowser purchased.

39.  ATF released Brownlee and returned his belongings.

*ATF interviews Bowser*

40.  Bowser agreed to speak with ATF agents after being Mirandized.

41.  ATF asked Bowser what was the deal with 17 guns.

42.  In response, Bowser said he thought there was going to be a ban on the purchase of semi-automatic weapons starting in 2023.

43.  ATF then asked Bowser if he had previously purchased firearms.

44.  Bowser admitted that he previously purchased firearms.

45.  ATF also asked Bowser if he could recall how many firearms he had.

46.  Bowser said he did not know how many firearms he had.

47.  Agents asked Bowser about the silver Expedition and to whom it belonged.

48.  Bowser said the silver Expedition was his and that it was in his wife's name.

49.  Agents asked Bowser where he was going to take all of the guns.

50. Bowser said he was going to put them in the silver Expedition and take them to his friend Cortez's mother's house and that Cortez's mother was going to be able to do something with them.

51. Bowser said he was taking the firearms from the black BMW to the silver Expedition because he did not want to take the firearms in the house.

52. Bowser went on to say that he was taking the firearms to another location so he could get a gun safe.

53. Agents asked Bowser if he sold firearms in the past.

54. Bowser admitted that he has sold firearms and that he had bills of sale from the sale of the firearms.

55. Bowser also told ATF that his silver Expedition contained a manila folder with bills of sale.

56. ATF was unable to locate the manila folder or bills of sale regarding Bowser's previous sale of firearms.

57. Bowser later said he was also unable to locate the manila folder.

58. Agents asked Bowser where he worked.

59. Bowser said he was unemployed.

60. Bowser also said that he received a check following a settlement in a workers' compensation case the day before he purchased the DEFENDANT PROPERTY.

61. According to Bowser, he purchased the DEFENDANT PROPERTY with money from his settlement check.

62. Agents asked Bowser what he was going to do with the DEFENDANT PROPERTY.

63. Bowser responded that the DEFENDANT PROPERTY was for him to keep.

64. Agents also asked Bowser why he bought multiple firearms that were similar.

65. Bowser said that he buys firearms because he likes them and buys multiple guns for the same reason people collect anything.

66. Based on the training and experience of agents involved in this investigation, individuals who collect firearms do not purchase multiple firearms of the same or similar makes and models, especially firearms of a lower value.

67. Moreover, based on the training and experience of agents involved in this investigation it is common for people dealing in firearm to purchase multiple guns with the same or similar makes and models.

68. While interviewing Bowser, agents asked Bowser if they could review communications in his phone.

69. Bowser consented to ATF reviewing communications in his phone.

70. While reviewing communications in Bowser's phone, agents located messages with someone asking Bowser whether he had sold a Glock and if he had anything new for sale.

71. Agents located another string of communications from May 21, 2021 with someone asking Bowser if he still wanted to sell a Glock for $450.00.

72. During the course of the investigation, ATF later determined that Bowser paid cash to purchase a Glock pistol and 11 other firearms from APS on May 18, 2021, days before the May 21, 2021, conversation regarding a Glock.

73. Based on the information obtained during their investigation, ATF seized the DEFENDANT PROPERTY.

74. ATF seized the ammunition and nine firearms identified as part of the DEFENDANT PROPERTY from the black BMW.

75. ATF seized eight firearms identified as part of the DEFENDANT PROPERTY from the silver Expedition.

76. ATF did not arrest Bowser.

*Administrative Proceedings*

77. ATF initiated administrative proceedings against the DEFENDANT PROPERTY on or about December 27, 2022.

78. On or about December 30, 2022, ATF received a claim to the DEFENDANT PROPERTY filed by Bowser, asserting an ownership interest in the DEFENDANT PROPERTY.

79. Pursuant to 18 U.S.C. § 983(a)(3), ATF referred the matter for judicial forfeiture to the U.S. Attorney's Office for the Northern District of Georgia.

**CONCLUSION**

80. Based on the foregoing, the DEFENDANT PROPERTY is subject to forfeiture pursuant to 18 U.S.C. § 924(d) on the grounds that it was involved in or used in the commission of a violation of 18 U.S.C. § 922(a)(1)(A) (firearms dealing without a license) and 18 U.S.C. § 922(a)(6) (false statements to a federal firearms licensee).

WHEREFORE, Plaintiff prays:

(1) that the Court forfeit Defendant Property to the United States of America;

(2) that the Court award Plaintiff the costs of this action; and

(3)  that Plaintiff have such other and further relief as the Court deems

just and proper under the facts and circumstances of this case.

This 30th day of March, 2023.

                                           Respectfully submitted,

                                           RYAN K. BUCHANAN
                                              *United States Attorney*
                                              *600 U.S. Courthouse*
                                              *75 Ted Turner Drive SW*
                                              *Atlanta, GA 30303*
                                              *(404) 581-6000   fax (404) 581-6181*

                                           *Norman L. Barnett*
                                            _____
                                              NORMAN L. BARNETT
                                              *Assistant United States Attorney*
                                              Georgia Bar No. 153292
                                              norman.barnett@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    PLAINTIFF,<br><br>    v.<br><br>17 ASSORTED FIREARMS AND 720 ROUNDS OF AMMUNITION, MORE PARTICULARLY DESCRIBED IN ATTACHMENT A,<br><br>    DEFENDANTS. | Civil Action No. |

## VERIFICATION OF COMPLAINT FOR FORFEITURE

I, Special Agent Jonah James, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This __30th__ day of March, 2023.

_____
SPECIAL AGENT JONAH JAMES
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES

1